Hornblower, O. J.
It is objected in the first place, and I think with good reason, that this motion is irregular. If the execution was issued for more than it ought to have been, the party complaining should have applied to this’court, upon the return of the execution, to have it set aside as to the excess; or if the money had actually been paid to the sheriff, or raised by him on the execution, then to have the money brought into court, and the excess paid over to the party claiming it. No authority has been cited to show that this court will award a writ of restitution in such a case. Such a writ will be awarded to recover back money, where it has been paid or levied, on an execution out of another court, after the proceedings in that court have been reversed for error. 2 Tidd’s pract. 1136; Jac. law dic. 518; 1 Archb. pr. 264, 265. And in such case the writ is founded on the solemn judgment of the court, that the plaintiff in error be restored in all things. But in a case like this, the application should be to set aside the execution as irregularly issued, and if the money has been raised or paid upon it, and the court sustain the application, they would order the money to be restored, and if necessary enforce that order by attachment; but not by a writ of restitution. 1 Archb. pr. 265; 2 Salk. 588; 1 Salk. 214; Tidd’s forms 150.
I am of opinion therefore, that this motion must be denied. If however, the notice and motion had been to have the execution set aside and the money restored instead of a notice and motion for a writ of restitution, I should think it ought not to be granted under the circumstances of this case. In the first place, the defendant in Certiorari has got no more than by the solemn judgment of this court, he was entitled to. To make the most of it, the issuing of the execution before the taxed bill of costs was actually filed, was a mere irregularity, (and that perhaps, according to the statement of the defendant’s counsel, owing to an accident) and not at all prejudicial to the rights of the plaintiff in *270 Certiorari. It is four years since the money was paid and the execution returned ; and now, at this late day, a notice of a motion for restitution is given, not to the party in the suit, who is to be affected by the action of this court, but to Mr. Ryall, who it i^ true, was his attorney on record, while the action, was pending, but whose warrant may fairly be considered as having become fundus officio, after execution issued and the money raised upon it and paid over to his client; at least, so far so, that this court ought not now, after a lapse of four years, to entertain any motion adverse to the rights of the defendant in Certiorari, without being' satisfied that he has had notice of such motion, and that he. still recognizes Mr. Ryall as his attorney in this matter.The attorney who gave notice of this motion, was not the attorney on record, for the 'plaintiff in Certiorari; and surely the defendant in Certiorari, has the same right to change his attorney, and ought therefore to have an opportunity of doing so. Besides all this, I apprehend the attempt now made, is founded on a misapplication of the rule referred to Elm. Dig. 698. The court did not mean by that rule to say, that if the costs were actually taxed and on file at the time the clerk made up the judgment roll, he should disregard them and insert only six cents, unless such taxation and filing had been done on or before the first day of the second term after judgment. The rule was only intended to expedite the business of the court, and relieve the clerk from embarrassment, by authorizing him at any time after the first day of the second term after judgment, to perfect the record by inserting six cents, if the costs were not then ta'xed and filed; instead of leaving a blank in the intoto attingunt clause, as had too often been done. McCorry v. Suydam, 5 Hal. R. 249.
, In my opinion the motion for a writ of restitution must be denied with, costs.

Motion denied with costs. '